IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHRISTOPHER TURNER, #11047404,** § | |
| Petitioner, § | |
| § | **3:12-CV-0744-L (BK)** |
| v. § | (consolidated with 3:12-CV-0745-L |
| § | 3:12-CV-0746-L & 3:12-CV-0747-L) |
| **LUPE VALDEZ, Dallas County Sheriff,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petitions for writ of habeas corpus be summarily dismissed without prejudice.

**I. BACKGROUND**

Petitioner, a pretrial detainee confined at the Dallas County Jail, filed *pro se* petitions for writ of habeas corpus, challenging criminal proceedings pending against him. The Court did not issue process pending preliminary screening, but issued a questionnaire to obtain information about the factual basis of the petitions and exhaustion of state court remedies. Petitioner answered the questionnaire.

Petitioner is presently awaiting trial on grand jury indictments returned in *State v. Turner*, Nos. F11-57304, F11-57305, F11-57306, and F11-57307 (Crim. District Court No. 2, Dallas County), charging him with compelling prostitution by force or threat, aggravated promotion of prostitution, and trafficking of persons. (Doc. 8, Ans. 1.) He has been confined since July 2011.

In February 2012, Petitioner attempted to file in the Texas Court of Criminal Appeals

*Pretrial Petitions for Writ of Habeas Corpus Under Code of Criminal Procedure Article 11.08*. (Doc. 2 at 12-17.) The Clerk of the Court, however, returned the writs due to lack of jurisdiction. *Id.* at 11. Contemporaneously, Petitioner sought to file in the state trial court his *Motion to Dismiss Indictment*, *Motion to Quash Indictment*, *Motion to Dismiss Counsel*, and *Petition for Release Because of Delay*. *See Id.* at 18-28. However, none of these pleadings are reflected on the official website of Dallas County.

His federal petitions allege, *inter alia*, that Petitioner has been denied meaningful access to the court, effective assistance of counsel, and the right to a speedy trial; that the prosecutors have engaged in misconduct with defense counsel and the trial judge; and that the indictments are fundamentally defective. (Doc. 2 at 6-7.)[1]

## II. DISCUSSION

In light of his *pro se* status, the Court liberally construes the petitions to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeal. *Davis v. Valdez*, No. 3:08-CV-2116-G, 2009 WL 111648, *1 (N.D. Tex. 2009) (collecting cases). Exceptions exist only

---

[1] The petition appeared to assert a claim of excessive bond. However, Petitioner declined to answer any of the relevant questions in the Questionnaire regarding that issue, writing instead "N/A." (Doc. 8, ans. 3.) Thus, to the extent Petitioner attempted to raise such claim, the undersigned deems it abandoned.

where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (post-conviction habeas petition); *Davis*, 2009 WL 111648, *1 (pretrial habeas petition).[2]

In answer to the questionnaire, Petitioner concedes that he has not exhausted his state court remedies. While he attempted to file Art. 11.08 writs in the Texas Court of Criminal Appeals, the Clerk returned them to him for lack of jurisdiction.[3] (Doc. 8, Ans. 2 and 4.) Similarly, none of the motions that he purportedly submitted to the trial court are reflected on Dallas County's official website. Nevertheless, once an indictment has been returned, the proper method for challenging the denial of a speedy trial is by filing a motion to set aside the indictment under Article 27.03 of the Texas Code of Criminal Procedure. *See Smith v. Gohmert*, 962 S.W.2d 590, 592-93 (Tex. Crim. App.1998). If the trial court denies the motion, the defendant may appeal that ruling post-conviction. *Id.* at 592. Speedy trial violations are

---

[2] While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a pending state court proceeding. As the Court of Appeals for the Fifth Circuit explained:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225 (*citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)).

[3] Pretrial writs are filed in the state trial court, not the Texas Court of Criminal Appeals. *See* Tex. Code of Crim. Proc. Art. 11.08.

appropriate for review on post-conviction appeals, but not in pretrial habeas applications. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Therefore, Petitioner's speedy trial claims should be dismissed without prejudice for failure to exhaust state court remedies. *See Davis*, 2009 WL 111648, *1 (dismissing pretrial habeas petition complaining of speedy trial violations without prejudice for failure to exhaust state remedies).[4]

Petitioner's remaining claims – namely ineffective assistance of counsel, prosecutorial misconduct, and defective indictments – are also unexhausted. Nor do they present exceptional circumstances warranting federal court interference in the normal functioning of the state's criminal processes. The State of Texas has adequate and effective state procedures for reviewing Petitioner's constitutional claims in the event he is convicted of the present charges. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Accordingly, Petitioner's remaining claims should be dismissed without prejudice to his right to seek federal habeas corpus relief after the conclusion of state criminal proceedings. *See Davis v. Anderson*, No. 4:03–CV–0522, 2003 WL 22389281, 1-2 (N.D. Tex. 2003) (summarily dismissing without prejudice pretrial habeas petition raising various due process and ineffective assistance claims).

---

[4] While pretrial mandamus relief is available from the Texas Court of Criminal Appeals to enforce the right to a speedy trial, Petitioner does not allege that he filed a petition for writ of mandamus. *See Anthony v. Texas*, No. 4:08cv904, 2008 WL 938582, *2 (S.D. Tex. Apr. 4. 2008) (collecting cases).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petitions for writ of habeas corpus be summarily **DISMISSED** without prejudice.

SIGNED May 3, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE